RECEIVED
JAN 15 2016
AT 8:30_____M
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BRIAN KEITH BRAGG,

    Plaintiff,

v.

COUNTY OFFICER DAVIS, et al.,

    Defendants.

Civil Action
No. 15-8781 (AET-TJB)

**MEMORANDUM OPINION**

**Thompson, District Judge**

1.  On December 21, 2015, Brian Keith Bragg, submitted a civil complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 by various employees of the Mercer County Correctional Center ("MCCC"). (Docket Entry 1).

2.  In his complaint, Plaintiff alleges the MCCC employees have engaged in a widespread conspiracy to harass, intimidate, and retaliate against Plaintiff. (Docket Entry 1 ¶¶ 4-5).

3.  On December 23, 2015, the Court administratively terminated the complaint as Plaintiff had not paid the filing fee or submitted an application to proceed *in forma pauperis*. (Docket Entry 2).

4.  On January 4, 2016, the Clerk's office received an application to proceed *in forma pauperis* and letter motion to reopen Plaintiff's case. (Docket Entries 3 and 4). The matter was reopened for this Court's review.

5. Plaintiff's *in forma pauperis* application is incomplete. The account statement submitted with the application only lists medical, prescription drug, and dental expenses. It does not include any other information, such as the monthly balances of his trust account. The application therefore does not contain a complete statement of Plaintiff's assets as required under 28 U.S.C. § 1915(a)(2).

6. Plaintiff has been advised by this Court on several previous occasions that his account statement must include the monthly balances of his trust account. *See Bragg v. Hundley, et al.*, No. 15-8326 (D.N.J. Dec. 2, 2015) (order administratively terminating case); (Dec. 29, 2015) (order denying motion to reopen); (Jan. 5, 2016) (order administratively terminating case).

7. In support of his motion to reopen, Plaintiff states he submitted an account certification to be signed by prison officials, but "upon information and belief" that request was thrown away by unidentified officials. (Docket Entry 4 ¶¶ 3-4).

8. Plaintiff's complaint is dated December 17, 2015. (Docket Entry 1 at 14). The envelope for Plaintiff's motion to reopen his case is stamped December 22, 2015. (Docket Entry 4 at 3). Plaintiff gave prison official less than a week to respond to his request for a certified account statement. Indeed it

2

would appear Plaintiff moved to reopen his case before this Court even administratively terminated the complaint. (Docket Entry 2).

9. Plaintiff's *in forma pauperis* application is dated December 29, 2015, (Docket Entry 3 at 4), and indicates he submitted his request to prison officials on December 14 and 17, 2015. (Docket Entry 3 ¶ 2). The first request was three days before submitting his complaint, and the second was the same day. (Docket Entry 1 at 14). In all, Plaintiff gave prison official less than two weeks to respond to his request. (Docket Entry 2). Plaintiff must give prison officials sufficient time to respond to his request before alleging it was "to no avail."

10. Moreover, Plaintiff does not identify the official(s) who allegedly threw away his request for an account certification, or what is the basis for his "information and belief" his requests were thrown away.

11. To the extent Plaintiff asserts he would have no other remedy if this Court were to deny his motion, the Court notes that the conspiracy alleged in the complaint is substantively identical to the conspiracy alleged in his motion for injunctive relief that is presently the subject of an Order to Show Cause in *Bragg v. Ellis, et al.*, No. 15-7638 (D.N.J. Dec. 8, 2015) (motion for preliminary injunction and temporary restraints),

3

(Dec. 9, 2015) (order to show cause). It is clear that Plaintiff has other remedies available to him.

12. Moreover, the complaint is subject to reopening upon Plaintiff's compliance with 28 U.S.C. § 1915 and this Court's orders.

13. As Plaintiff has not complied with the *in forma pauperis* requirements as set forth in 28 U.S.C. § 1915(a)(2), his application is denied without prejudice, and his motion to reopen is denied without prejudice.

14. Plaintiff may move to reopen his case upon the submission of an *in forma pauperis* application that is complete with a certified six-month statement that includes the monthly balances of his trust account. Plaintiff must give prison officials a reasonable amount of time to respond to his request.

15. If Plaintiff is unable to obtain a statement, he must submit another affidavit setting forth the *specific* circumstances of his request for a certified institutional account statement and the correctional officials' refusal to comply, including but not limited to the dates of such events and the names of the individuals involved. Generalized statements will not be sufficient.

16. An appropriate Order follows.

_____1/14/15_____          _____
Date                           ANNE E. THOMPSON
                               U.S. District Judge